This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant, Steven Combs, appeals from his conviction in the Medina County Court of Common Pleas for failing to comply with a signal of a police officer. We affirm.
On April 19, 2000, the Medina County Grand Jury indicted Defendant for failure to comply with a signal of a police officer and causing a substantial risk of serious physical harm to persons or property, in violation of R.C. 2921.331(B) and (C)(3). A jury trial was held. Following the introduction of all evidence, Defendant made a Crim.R. 29 motion for acquittal, which the trial court denied. The jury found Defendant guilty of failing to comply with a signal of a police officer with a special finding that Defendant did cause a substantial risk of serious physical harm to persons or property. The trial court sentenced him accordingly. Defendant timely appealed his conviction, raising two assignments of error, which we will address jointly.
 ASSIGNMENT OF ERROR I The trial court erred and thereby deprived [Defendant] due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution by overruling [Defendant's] Crim.[R.] 29 motion for judgment of acquittal. [sic] [a]s the State failed to prove that [Defendant] caused a substantial risk of serious physical harm to persons or property beyond a reasonable doubt.
 ASSIGNMENT OF ERROR II The jury verdict finding [Defendant] guilty of failure to comply with a finding that [Defendant] caused a substantial risk of serious physical harm to persons or property was not supported by sufficient evidence and was against the manifest weight of the evidence.
In his first and second assignments of error, Defendant challenges the adequacy of the evidence presented at trial. Specifically, Defendant avers that the State failed to present sufficient evidence to support the trial court's denial of his Crim.R. 29 motion for acquittal and that his conviction for failing to comply was based on insufficient evidence and against the manifest weight of the evidence. An evaluation of the weight of the evidence, however, is dispositive of both issues in this case. Defendant's assignments of error lack merit.
As a preliminary matter, we note that sufficiency of the evidence produced by the State and weight of the evidence adduced at trial are legally distinct issues. State v. Thompkins (1997), 78 Ohio St.3d 380,386.
Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." A trial court may not grant an acquittal by authority of Crim.R. 29(A) if the record demonstrates that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt.State v. Wolfe (1988), 51 Ohio App.3d 215, 216. In making this determination, all evidence must be construed in a light most favorable to the prosecution. Id. "In essence, sufficiency is a test of adequacy."Thompkins, 78 Ohio St.3d at 386.
"While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion."State v. Gulley (Mar. 15, 2000), Summit App. No. 19600, unreported, at 3, citing Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring). When a defendant asserts that his conviction is against the manifest weight of the evidence,
 an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
State v. Otten (1986), 33 Ohio App.3d 339, 340. This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id.
 Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency.
(Emphasis omitted.) State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 4.
Defendant was found guilty of failing to comply with a signal of a police officer and causing a substantial risk of serious physical harm to persons or property, in violation of R.C. 2921.331(B) and (C)(3). R.C.2921.331(B) provides:
 No person shall operate a motor vehicle so as willfully to elude or flee a police officer after receiving a visible or audible signal from a police officer to bring the person's motor vehicle to a stop.
Determining that a defendant has caused a substantial risk of serious physical harm to persons or property increases a violation of R.C. 2921.331
from a first degree misdemeanor to a third degree felony. R.C. 2921.331(C) states:
 Whoever violates this section is guilty of failure to comply with an order or signal of a police officer. * * * [A] violation of division (B) of this section is a felony of the third degree if the * * * trier of fact finds any one of the following by proof beyond a reasonable doubt:
* * *
 The operation of the motor vehicle by the offender caused a substantial risk of serious physical harm to persons or property.
At trial, Trooper Cruz testified that on April 2, 2000, he received a call from dispatch of a possible drunk driver heading northbound on interstate 71. He further testified that he spotted the vehicle and noticed the vehicle swerve across the center of the lane and the hash mark. Due to the erratic driving, Trooper Cruz began his pursuit and activated his overhead lights and siren. Trooper Cruz indicated that the driver of the vehicle was later identified as Defendant. After activating his lights and siren, Trooper Cruz stated that Defendant initially decreased his speed, but then sped away at a speed of 90 m.p.h.
Throughout the pursuit, Trooper Cruz noted that rain was falling heavily at times. He further noted that Defendant forced him to cross county lines; that is, the pursuit began in Medina County and ended in Cuyahoga County. Upon crossing the county line, a Strongsville police officer joined the pursuit. Thereafter, a Cleveland police officer joined the chase. Trooper Cruz testified that Defendant exited the highway and the entourage proceeded down sidestreets in Cleveland. Trooper Cruz did state that Defendant's speed decreased; Defendant was now fleeing at a speed of 50 to 70 m.p.h. Trooper Cruz further stated that Defendant went through stop lights and stop signs at numerous four-way intersections. When the vehicle finally stopped in an alley, Trooper Cruz discovered that Defendant had a passenger in the vehicle.
Defendant did not present any evidence; however, he argued that the evidence presented supported the fact that he did not force anyone off of the roadway nor did he cause any other vehicle to crash. As such, he did not present a threat of a substantial risk of serious harm to persons or property.
In the case sub judice, the jury had the opportunity to view the witnesses' testimony and adjudge their credibility; therefore, we must give deference to the jurors' judgments. See State v. Lawrence (Dec. 1, 1999), Lorain App. No. 98CA007118, unreported, at 13. Upon careful review of the testimony and evidence presented at trial, we hold that the jury did not act contrary to the manifest weight of the evidence in convicting Defendant of failing to comply with a signal of a police officer and causing a substantial risk of serious physical harm to persons or property. Consequently, we conclude that Defendant's assertion that the State did not produce sufficient evidence to support a conviction, therefore, is also without merit. Accordingly, Defendant's first and second assignments of error are overruled.
Defendant's assignments of error are overruled. The judgment of the Medina County Court of Common Pleas is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 __________________________ LYNN C. SLABY
CARR, J., WHITMORE, J. CONCUR.